FILED
U.S. DISTRICT COURT
2008 MAR 10 P 4: 06
CLERK J Burton

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM LARRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-128 |
| | ) | |
| CATHERINE VERDERY RYAN, Attorney at Law, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names Catherine Verdery Ryan, his retained counsel in his underlying state criminal proceedings, as Defendant. According to Plaintiff, he retained Attorney Ryan on March 3,

2006 through the present to represent him in his "case." (Doc. no. 1, p. 5). Apparently, in the course of representing Plaintiff, Defendant allegedly "threatened to quit [his] case regularly, cursed [him], called [him] derogatory names." (Id.). Morever, Plaintiff contends that at Defendant's "recommendation, they foreclosed on [his] home losing 40K of equity, repossessed [his] car, allowed [his] wife to sell everything [he] own[ed] including collectibles." (Id.). Also, according to Plaintiff, Defendant "made him sign a plea agreement, told him lies about what the judge would do, did not read any evidence in [his] favor from a psychologist's report, did not show pictures that were relevant, did not ask for the first offenders act." (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 6).

## II. DISCUSSION

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim upon which relief can be granted. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst,

2

Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). Plaintiff's retained counsel was merely performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding and thus is not a person acting under color of state law. Therefore, Plaintiff has not stated a viable § 1983 claim. Accordingly, the above-captioned case should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 10th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE